UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 22-08676-ODW (DFM) | Date: | July 3, 2024 |
|---|---|---|---|
| Title | Jahmal O. Davis v. Long Beach City Police et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

In this action, Plaintiff asserts excessive force claims under the Fourth Amendment against ten police officers from the City of Long Beach Police Department. See Dkt. 28, Third Amended Complaint. Only two of those officers are identified by name; the other eight are John Doe defendants. See id. at 3.

In January 2024, the Court granted Plaintiff leave to conduct limited discovery for the purpose of identifying the John Doe defendants. See Dkt. 32. The Court ordered Plaintiff to either file a Request to Amend providing the true names of the Doe defendants or, if Plaintiff was unable to ascertain their names, file a separate declaration explaining the results of his efforts to identify the Doe defendants. See id. at 2. After Plaintiff failed to do so, the Court issued an order on April 2, 2024, requiring Plaintiff to show cause why the case should not be dismissed for lack of prosecution. See Dkt. 35.

Plaintiff then filed a letter on April 12, 2024 (signed April 4, 2024). See Dkt. 36. The Court construed the letter as a motion for appointment of counsel and for appointment of guardian ad litem; the Court denied these requests and again ordered Plaintiff to file a status update regarding his Doe discovery efforts. See Dkt. 38. Plaintiff then filed another letter on May 15, 2024 (signed May 9, 2024), again seeking appointment of counsel and appointment of guardian ad litem and requesting an extension of time to respond to the Court's orders. See Dkt. 39. The Court again denied Plaintiff's requests for appointment of counsel or guardian ad litem but granted Plaintiff an extension of time to file his status report. See Dkt. 40. Per that order, Plaintiff was required to file a status report no later than June 5, 2024. See id. at 5.

More than three weeks have passed since the Court's deadline, but Plaintiff has not filed a status report, nor has he filed anything else in this case. As the Court has repeatedly explained, in order for the Court to effect service on Defendants, Plaintiff must identify each defendant named

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

in this action, including the John Doe defendants. This case cannot progress until Plaintiff informs the Court of the true names of each defendant. It is Plaintiff's responsibility to diligently prosecute his case and to comply with all Court orders.

**Plaintiff is therefore ORDERED to show cause, in writing, no later than twenty-one (21) days from the date of this Order, why this action should not be dismissed for lack of prosecution.** Plaintiff may discharge this Order by filing any of the following: (i) a Request to Amend, providing the true name of each John Doe defendant; (ii) a Notice of Voluntary Dismissal, dismissing the Doe defendants from this action; or (iii) a status report explaining the steps Plaintiff has taken to identify the Doe defendants in this case and the result of those efforts.[1]

**Plaintiff is warned that failure to respond to this Order may result in a recommendation that the Doe defendants be dismissed from this action.**

---

[1] If Plaintiff elects to file a status report, the report must make clear (i) what written questions Plaintiff has served on the City Attorney's Office; (ii) what response, if any, Plaintiff has received; and (iii) what additional information, if any, is necessary for Plaintiff to identify the John Doe defendants such that he can insert their names into the pleadings.