UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-08676-ODW (DFM) | Date: | April 29, 2025 |
|---|---|---|---|
| Title | Jahmal O. Davis v. Long Beach City Police et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order to Show Cause re: Service of Defendants Alverez and Nguyen |
|---|---|

    On January 21, 2025, this Court filed an order directing service of process on the remaining Defendants in this case, Officers Alverez and Nguyen, by the United States Marshal's Service ("USMS"). See Dkt. 49. On February 11, 2025, USMS filed two USM-285 Process Receipt and Return forms regarding efforts to serve Alverez and Nguyen. See Dkts. 51, 52. The deputy marshal who signed the forms indicated that service had not been made because a first name and/or badge number was required to locate the officers. See id.

    On February 14, 2025, the Court authorized Plaintiff to conduct limited discovery for the purpose of identifying Alverez and Nguyen's first names and/or badge numbers. See Dkt. 53. The Court ordered Plaintiff to either file a Request to Amend providing the first names and/or badge numbers of Alverez and Nguyen, or if Plaintiff was unable to ascertain this information, file a status report explaining the results of his efforts. See id. at 2. However, Plaintiff has not filed a Request to Amend, status report, or anything else in this case.

    "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990); accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995)). However, when advised of a problem in accomplishing service, a pro se litigant proceeding in forma pauperis must "attempt to remedy any apparent service defects of which [he] has knowledge." Puett, 912 F.2d at 274-75 (quoting and citing with approval Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

If service cannot be accomplished due to the pro se plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal may be appropriate. See Walker, 14 F.3d at 1421-22 (holding that a prisoner failed to show cause why his claims against a prison official should not be dismissed under Rule 4(m) where the prisoner failed to show "that he provided the marshal with sufficient information to serve [the defendant]").

It is Plaintiff's burden to provide sufficient information to enable USMS to serve Alverez and Nguyen. Plaintiff has not done so, despite being notified of the defective service. He has not requested an extension of time to propound discovery necessary to locate Alverez and Nguyen or filed anything indicating he has done so. This case cannot progress until Plaintiff informs the Court of the first names and/or badge numbers of Alverez and Nguyen. It is Plaintiff's responsibility to diligently prosecute his case and to comply with all Court orders.

**Plaintiff is therefore ORDERED to show cause, in writing, no later than twenty-one (21) days of the date of this Order, why this action should not be dismissed for failure to serve and/or lack of prosecution.** Plaintiff may discharge this Order by filing any of the following: (1) a Request to Amend, providing the first names and/or badge numbers of Alverez and Nguyen; or (2) a status report explaining the steps Plaintiff has taken to identify the first names and/or badge numbers of Alverez and Nguyen and the result of those efforts.[1]

Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, under Federal Rule of Civil Procedure 41(a). The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form.

**The Court warns Plaintiff that it will deem his failure to timely file a response to this Order as consent to the dismissal of this action without prejudice.**

---

[1] If Plaintiff elects to file a status report, the report must make clear (i) what written questions Plaintiff has served on the City Attorney's Office; (ii) what response, if any, Plaintiff has received; and (iii) what additional information, if any, is necessary for Plaintiff to identify Alverez and Nguyen such that they can be served.